**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CARLYLE A. BUGGS,

    Plaintiff,

-vs-                                               CASE NO.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
and NATIONAL CREDIT SYSTEMS,
INC.,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CARLYLE A. BUGGS (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), and NATIONAL CREDIT SYSTEMS, INC. (hereinafter "NCS") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURSIDICATION, VENUE, AND PARTIES

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Equifax's and NCS's principal addresses are in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.      Plaintiff is a natural person and resident of Porter County in the State of Indiana. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

3

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     NCS is a corporation headquartered at 1775 The Exchange SE, Suite 300 in Atlanta, Georgia 30339.

17.     NCS is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

18.     NCS furnished information to Equifax and Experian regarding Plaintiff which was inaccurate.

## FACTUAL ALLEGATIONS

19.     Plaintiff is alleged to owe a debt to NCS, partial account number ending x03, as to a collection account on behalf of original creditor Lake Pointe Apartments (hereinafter "NCS Account"). Plaintiff never resided at Lake Pointe Apartments and

never applied or gave permission to anyone to apply using his information for Lake Pointe Apartments.

20.     In or about 2023, Plaintiff first became aware of the NCS Account appearing on his credit reports.

21.     Upon investigating the NCS Account, Plaintiff learned that his personal information had been used to add him as co-signer/roommate on an apartment lease with Lake Pointe Apartments without his knowledge or authorization.

22.     In or about July 2023, Plaintiff contacted Equifax and Experian to dispute the erroneous NCS Account.

23.     On or about July 11, 2023, Experian responded to Plaintiff's dispute by stating the NCS Account was verified as accurate.

24.     Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

25.     Experian never attempted to contact Plaintiff during the alleged investigation.

26.     Upon information and belief, Experian notified NCS of Plaintiff's dispute. However, NCS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

27.     Plaintiff did not receive dispute results from Equifax. However, upon review of an updated credit report, Plaintiff observed that the NCS Account continued to be reported with a comment which stated, "Consumer disputes this account information".

28.     Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

29.     Equifax never attempted to contact Plaintiff during the alleged investigation.

30.     Upon information and belief, Equifax notified NCS of Plaintiff's dispute. However, NCS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

31.     On or about January 30, 2024, Plaintiff reviewed his credit file. Upon review, Plaintiff observed the NCS Account was reported with a balance of $9,262.

32.     Shortly thereafter, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 168853663. In this Report, he explained that he was a victim of identity theft.

33.     Due to the inaccurate reporting, on or about February 5, 2024, Plaintiff mailed detailed written dispute letters to Equifax and Experian. In the letter, Plaintiff explained he did not open or authorize the NCS Account or original account with

6

Lake Pointe Apartments, he did not owe the outstanding balance, and the NCS Account did not belong to him. In the letter, Plaintiff included an image of his driver's license and Social Security card as proof of identity. Plaintiff also included images of the erroneous reporting, images of FTC Identity Theft Report confirmation, and other supporting documents.

34.   On or about February 27, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating it had deleted an address from Plaintiff's credit file and the NCS Account was verified as accurate.

35.   Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

36.   Equifax never attempted to contact Plaintiff during the alleged investigation.

37.   Upon information and belief, Equifax notified NCS of Plaintiff's dispute. However, NCS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

38.   On or about March 12, 2024, Plaintiff had not yet received dispute results from Experian. Plaintiff contacted Experian and spoke to a representative in the fraud department who confirmed receipt of his dispute letter on February 15,

2024, and advised his results were pending. The representative further advised that they had until March 23, 2024, to respond.

39.    On or about March 12, 2024, Plaintiff filed a second FTC Identity Theft Report, report number 170521724. In this Report, he explained that he was a victim of identity theft and that the original creditor, Lake Pointe Apartments, was fraudulent and did not belong to him.

40.    On that same day, Plaintiff uploaded a copy of the second FTC Report to his online portal with Experian.

41.    On or about February 26, 2024, Experian responded to Plaintiff's detailed dispute letter by stating the fraudulent NCS Account was verified and updated.

42.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

43.    Experian never attempted to contact Plaintiff during the alleged investigation.

44.    Upon information and belief, Experian notified NCS of Plaintiff's dispute. However, NCS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

45.     Despite Plaintiff's best efforts to have the erroneous account removed, Defendants continued to report the fraudulent and unauthorized NCS Account to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

46.     Equifax and Experian have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher.

47.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

48.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and a lot of wasted time;

   ii.  Loss of time attempting to cure the error;

   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error; and

iv.    Apprehensiveness to apply for credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Equifax Information Services LLC (Negligent)**

49.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

50.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

51.    Equifax allowed for a Furnisher to report inaccurate information on an account.

52.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

53.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

54.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from

lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

55.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

56.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CARLYLE A. BUGGS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## **COUNT II**
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Equifax Information Services LLC (Willful)**

57.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

58.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

59.     Equifax allowed for a Furnisher to report inaccurate information on an account.

60.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

61.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

62.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

63.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CARLYLE A. BUGGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**<u>COUNT III</u>**
**Violation of 15 U.S.C. § 1681i**
**as to Defendant, Equifax Information Services LLC (Negligent)**

65.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

66.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

67.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

68.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

69.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

70.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CARLYLE A. BUGGS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Equifax Information Services LLC (Willful)

71.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

72.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

73.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

74.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

75.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CARLYLE A. BUGGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Experian Information Solutions, Inc. (Negligent)**

77.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

78.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

79.   Experian allowed for a Furnisher to report inaccurate information on an account.

80.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

81.    Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

82.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

83.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

84.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CARLYLE A. BUGGS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Experian Information Solutions, Inc. (Willful)**

85.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

86.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

87.     Experian allowed for a Furnisher to report inaccurate information on an account.

88.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

89.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the FTC Identity Theft Report, which contained sworn testimony of the fraud.

90.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

91.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

92.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CARLYLE A. BUGGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

93.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

94.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

95.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

96.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

97.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

98.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CARLYLE A. BUGGS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Willful)

99.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

100.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

101.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

102.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

103.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

104.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CARLYLE A. BUGGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681s-2(b)**
**as to Defendant, National Credit Systems, Inc. (Negligent)**

105.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

106.    NCS furnished inaccurate account information to Equifax and Experian, and through those CRAs to all of Plaintiff's potential lenders.

107.    After receiving Plaintiff's disputes, NCS violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own

internal records to prevent the re-reporting of the representations to the consumer reporting agency.

108.   Plaintiff provided all the relevant information and documents necessary for NCS to have identified that the account was fraudulent.

109.   NCS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NCS by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account and balance belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

110.   NCS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

111.   As a direct result of this conduct, action and/or inaction of NCS, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

112.   The conduct, action, and inaction of NCS was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

113.   Plaintiff is entitled to recover costs and attorney's fees from NCS in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, CARLYLE A. BUGGS, respectfully requests that this Court award actual damages against Defendant, NATIONAL CREDIT SYSTEMS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT X
**Violation of 15 U.S.C. § 1681s-2(b)**
**as to Defendant, National Credit Systems, Inc. (Willful)**

114.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

115.   NCS furnished inaccurate account information to Equifax and Experian, and through those CRAs to all of Plaintiff's potential lenders.

116.   After receiving Plaintiff's disputes, NCS violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account;

(2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

117.   Plaintiff provided all the relevant information and documents necessary for NCS to have identified that the account was fraudulent.

118.   NCS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NCS by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account and balance belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

119.   NCS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

120.   As a direct result of this conduct, action and/or inaction of NCS, Plaintiff suffered damages, including without limitation, by loss of the ability to

benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

121.   The conduct, action, and inaction of NCS was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

122.   Plaintiff is entitled to recover costs and attorney's fees from NCS in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, CARLYLE A. BUGGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, NATIONAL CREDIT SYSTEMS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CARLYLE A. BUGGS, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages

against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and NATIONAL CREDIT SYSTEMS, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 22nd day of March 2024.

Respectfully Submitted,

***/s/ Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*